IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH ANTHONY GRANETO, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 3:23-CV-76-G-BK |
| | § | |
| HARRY HUMPERT, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Joseph Anthony Graneto's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 5. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim.

**I. BACKGROUND**

On January 11, 2023, Graneto, a Dallas resident, filed a one-page complaint against Harry Humpert, a Missouri resident. Doc. 3 at 1. Graneto alleges that when he was seven years old, Humpert sexually abused him and subsequently threatened Graneto's life when confronted. Doc. 3 at 1. Graneto is now 60 years old. Doc. 4 at 5. He asks the Court to: (1) fine Humpert and send him to prison; (2) order that Humpert pay restitution to Graneto; and (3) protect Graneto by issuing a temporary restraining order (TRO). Doc. 3 at 1.

In the *Civil Cover Sheet*, Graneto does not identify a jurisdictional basis for his complaint but describes his cause of action as "child molestation," for which he requests damages of

$7,000,000. Doc. 3 at 2. In the nature-of-suit section, he checks multiple boxes for torts violations, including personal injury and assault. Doc. 3 at 2. Based on the alleged diversity of citizenship of the parties and amount in controversy, the Court presumes Graneto invokes this Court's diversity jurisdiction.

That notwithstanding, even assuming diversity jurisdiction, Graneto's complaint fails to state a claim and should be dismissed.

## II. ANALYSIS

Because Graneto is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Graneto's complaint fails to state a claim.

To the extent Graneto alleges criminal law violations, his request lacks any legal basis. Criminal statutes do not create a private right of action. For a private right of action to exist

under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M*., 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Graneto has pled nothing that would even come close to meeting that burden. *See also Williams v. Cintas Corp.*, No. 3:07-CV-0561-M, 2007 WL 1295802, *2 (N. D. Tex. Apr. 10, 2007) (collecting cases finding no private cause of action for perjury in federal court and no private right of action for civil perjury under Texas law), *R. & R. accepted*, 2007 WL 1300780, at *1 (N. D. Tex. May 02, 2007). Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Likewise, any claim for personal injury under Texas state law is barred by the two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (providing two-year limitations period for personal injury claims); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (noting courts can raise the affirmative defense of the statute of limitations *sua sponte* in *in forma pauperis* actions). As noted, Graneto maintains the event at issue occurred 53 years ago when he was seven years old. Doc. 3 at 1. Thus, the deadline to file suit for personal injury was two years after he reached the age of majority. *See* Tex. Civ .Prac. & Rem. Code § 16.001; *Hickey v. Irving Indep. Sch. Dist.,* 976 F.2d 980, 984 (5th Cir. 1992) (finding claim was tolled until plaintiff reached his 18th birthday under § 16.001). Graneto, however, did not file this action until January 11, 2023—nearly forty years outside the applicable limitations' period.

Moreover, Texas has not extended or eliminated the civil statute of limitations for child sex abuse cases. While the Court takes judicial notice of a bill pending in the Texas Legislature that would eliminate the limitations periods for personal injury claims arising from certain sexual offenses against a child, *see* Tex. H.B. 206, 88th Leg., R.S. (filed Nov. 14, 2022), any current claim premised on such legislation becoming law in the future is patently premature.

Finally, Graneto also does not allege anything to indicate that he was trafficked or exploited as a child in violation of federal criminal laws. Consequently, he does not have a civil remedy for personal injury under 18 U.S.C. § 2255.

### III. LEAVE TO AMEND

Generally, "a *pro se* litigant should be offered an opportunity to amend her complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Graneto's apparent claims are fatally infirm. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims. Under these circumstances, the Court can only conclude that he has already pled his best case and that granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on January 17, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).